# UNITED STATES of America

v.

# Prentice Aaron BRADFORD.

## No. CR. 00–13 E.

United States District Court,
W.D. Pennsylvania.

Nov. 13, 2000.

---

Jeffrey Wasak, Pittsburgh, PA, Thomas W. Patton, AFPD, Federal Public Defender's Office, Erie, PA, Joseph E. Hudak, Hudak Law Office, Pittsburgh, PA, for defendant.

## MEMORANDUM OPINION and ORDER

COHILL, Senior District Judge.

Before the court is the Government's motion to disqualify Joseph E. Hudak, Esquire, as counsel for defendant Prentice Aaron Bradford based on a conflict of interest (Doc. No. 23). Following a hearing and argument on the motion we determined that we would grant the Government's motion, nonetheless we permitted defense counsel to submit a memorandum of law no later than November 1, 2000, after which we would issue an order. As of November 13th defense counsel has not filed a memorandum of law. Therefore, following a thorough review of the applicable law to the facts of this case we will grant the Government's motion.

The defendant was indicted on March 14, 2000, in a one-count indictment charging conspiracy to possess with the intent to distribute in excess of 500 grams of cocaine. 21 U.S.C. § 846. The defendant was originally represented by Jeffrey R. Wasak, Esquire, and pled not guilty on June 7, 2000. During September 2000, Hudak agreed to represent the defendant and filed his formal entry of appearance on September 26, 2000. Hudak also represents Jamal Arnold on a statutory rape case in the Erie County Court of Common Pleas.

Arnold and the defendant are both housed at the Erie County Prison. On September 25, 2000, an FBI agent interviewed Arnold regarding conversations he had with the defendant detailing the con-

spiracy. Arnold, as a cooperating government witness, is prepared to testify against the defendant at trial. The Government thus moved for disqualification of Hudak.

## II. Discussion

■ The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to have assistance of counsel for his defense. *See Wheat v. United States*, 486 U.S. 153, 158, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). Because the purpose of the Sixth Amendment is to ensure that a defendant receives a fair trial, the proper consideration for a court weighing the issue of disqualification of counsel relates to the adversarial process, not on the defendant's choice of counsel. *Id.* at 159, 108 S.Ct. 1692.

> Thus, while the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers.

*Wheat*, 486 U.S. at 159, 108 S.Ct. 1692. The presumption in favor of defendant's choice of counsel " 'may be overcome *not only by a demonstration of actual conflict but by a showing of a serious potential for conflict.* The evaluation of the facts and circumstances of each case under this standard must be left primarily to the informed judgment of the trial court.' " *United States v. Stewart*, 185 F.3d 112, 121–22 (3d Cir.1999) (alteration in original), quoting *Wheat*, 486 U.S. at 164, 108 S.Ct. 1692 (1988).

The trial court confronted with the duty of evaluating whether disqualification is warranted also " 'has an institutional interest in protecting the truth-seeking function of the proceedings over which it is presiding by considering whether the defendant has effective assistance of counsel, regardless of any proffered waiver.' " *Stewart*,

185 F.3d at 122, quoting *United States v. Moscony*, 927 F.2d 742, 749 (3d Cir.1991). "Moreover, to protect the critically important candor that must exist between client and attorney, and to engender respect for the court in general, the trial court may enforce the ethical rules governing the legal profession with respect both to client-attorney communications and to conflict-free representation, again regardless of any purported waiver." *Moscony*, 927 F.2d at 749. "Finally, the court has an independent interest in protecting a fairly-rendered verdict from trial tactics that may be designed to generate issues on appeal." *Id.* at 748.

Here, Hudak represents Arnold, a cooperating government witness who is expected to testify against Hudak's client at trial. Hudak recognizes that his current representation of Arnold creates an actual conflict of interest and therefore submits that he will withdraw as counsel for Arnold. In addition, Hudak argues against disqualification by stating that he had already worked out a plea bargain for Arnold prior to the FBI agent interview; that he never discussed Bradford with Arnold and he otherwise has no knowledge of anything Arnold might say relevant to Bradford's case; and that his client, Bradford, would in effect, waive his right to conflict-free representation by agreeing to limit defense counsel's cross-examination of Arnold. Hudak also urges the court to examine "what would actually be the subject of [his] cross-examination", and that such an examination would demonstrate that there is no potential conflict of interest. Transcript of Hearing, October 24, 2000, at 13.

■ Assuming that Hudak will withdraw as counsel for Arnold, we conclude that a potential conflict of interest exists. Bradford's proffered waiver does not alter our conclusion.

> While it is true that the typical scenario where disqualification becomes necessary entails an attorney's attempt to represent multiple defendants in the

same prosecution, we have recognized that conflicts arise where a "defendant seeks to waive his right to conflict-free representation in circumstances in which the counsel of his choice may have divided loyalties due to concurrent or *prior* representation of another client who is a co-defendant, a co-conspirator *or a government witness.*"

*Stewart,* 185 F.3d at 121 (3d Cir.1999) (emphasis in original), quoting *Moscony,* 927 F.2d at 749. This is exactly the situation in this case. In order to effectively represent Bradford at trial, Hudak will have to cross-examine a former client testifying for the government and, regardless of Hudak's knowledge concerning Arnold's testimony, he presumably will have to attack Arnold's credibility. "Conflicts of interest arise whenever an attorney's loyalties are divided, and an attorney who cross-examines former clients inherently encounters divided loyalties." *Moscony,* 927 F.2d at 750 (internal citations omitted). At trial, Hudak may be unwilling or unable to vigorously cross-examine Arnold due to Hudak's representation of Arnold. Thus, Bradford's right to effective counsel could be compromised as a result of Hudak's divided loyalties. *See Stewart,* 185 F.3d at 121. We therefore find that a serious potential for conflict of interest exists warranting disqualification of counsel.

We also reject Hudak's suggestion that the court base its disqualification decision on a prediction of whether defense counsel's likely strategy will, at trial, result in a conflict. The standard of evaluation in this circuit permits a trial court to disqualify counsel if a *potential* conflict exists, regardless of any proffered waiver. *Stewart,* 185 F.3d at 121–22; *United States v. Voigt,* 89 F.3d 1050, 1077–78 (3d Cir.1996); *Moscony,* 927 F.2d at 750. Because a trial court cannot easily determine whether a potential conflict will at trial become an actual conflict, the court has " 'substantial latitude in refusing waivers.' " *Voigt,* 89 F.3d at 1077, quoting *Wheat,* 486 U.S. at 162–64, 108 S.Ct. 1692. In addition, "not-

withstanding an attorney's pretrial assurances otherwise, a defendant's trial strategy is not fixed." *Stewart,* 185 F.3d at 122. For the court to accept an assurance of a contemplated cross-examination, would be "opening the door for a manufactured mistrial or a possible ineffective assistance of counsel claim on appeal." *Id.* In this regard, the Third Circuit has explained that when considering disqualifying counsel before knowing whether an actual conflict will emerge,

'[the] district court must pass on the issue whether or not to allow a waiver of a conflict of interest by a criminal defendant not with the wisdom of hindsight after the trial has taken place, but in the murkier pre-trial context when the relationships between parties are seen through a glass, darkly. The likelihood and dimensions of nascent conflicts of interest are notoriously hard to predict, even for those thoroughly familiar with criminal trials.... For these reasons we think the district court must be allowed substantial latitude in refusing waivers of conflicts of interest ... in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as trial progresses....'

*Voigt,* 89 F.3d at 1077, quoting *Wheat,* 486 U.S. at 162–64, 108 S.Ct. 1692. We thus find that, regardless of Hudak's anticipated withdrawal from representing Arnold, a serious potential for conflict exists.

Finally, we reject Hudak's implied assertion that the government has manufactured a conflict of interest. This assertion arises from Hudak's questioning whether an interview with Arnold actually occurred, and if it did, whether Arnold revealed only that he knew nothing regarding Bradford. Initially we note that the United States Attorney represented to the court that an agent of the Erie Area Gang Law Enforcement Task Force conducted an interview with Arnold on September 25, 2000. There is no evidence to suggest otherwise, and Hudak has offered nothing

more than an unsupported allegation. In any event, the issue before the court concerns Arnold's anticipated appearance as an adverse witness against Bradford. Regardless of what Arnold's ultimate testimony would be, Hudak's prior representation of Arnold inevitably creates a serious potential for conflict of interest that we conclude requires that Hudak be disqualified.

### III. Conclusion

Because we find that a serious potential for conflict of interest exists, the defendant's presumption in favor of his preferred counsel is overcome. Therefore, the Government's motion to disqualify counsel will be granted. In addition, a general continuance in this matter will be granted to permit the defendant the opportunity to obtain other counsel. Finally, in the interest of justice we will exclude the time granted as a result of this Order from the speedy trial calculations.

### ORDER

AND NOW, to-wit, this 13th day of November, 2000, it is hereby ORDERED, ADJUDGED and DECREED that the Government's Motion to Disqualify Counsel Based on a Conflict of Interest (**Doc. No. 23**) be and hereby is GRANTED. Joseph E. Hudak, Esquire is disqualified from representing defendant Prentice Aaron Bradford in this action. Hudak's oral motion to certify this decision for appeal is DENIED.

IT IS FURTHER ORDERED that a general continuance in this matter is GRANTED to permit the defendant the opportunity to obtain other counsel.

IT IS FURTHER ORDERED that the extension of time caused by this continuance be deemed excludable delay under the Speedy Trial Act, 18 U.S.C. §§ 3161, et. seq. The court finds that the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant to a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Specifically, the court finds that the failure to grant such a continuance would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant continuity of counsel, and would deny counsel for the defendant the reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(8)(B)(iv).